UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF, PBT AND JBJ ALLIANCE, and JBJ RESTORATION LLC | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-2785-B |
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Frankenmuth Mutual Insurance Company's (Frankenmuth) Rule 12(b)(6) Motion to Dismiss Plaintiffs PBT and JBJ Alliance, and JBJ Restoration, LLC's Amended Complaint (Doc. 5). Doc. 9, Def.'s Mot. to Dismiss. For the reasons stated, the Court **GRANTS in part** and **DENIES in part** Frankenmuth's Motion to Dismiss (Doc. 9).

### I.
### BACKGROUND[1]

This is a Miller Act case arising out of a government contract to install temporary roofs on homes damaged in Florida by Hurricane Irma. On or about September 18, 2017, Plaintiff PBT and JBJ Alliance (Alliance) and Plaintiff JBJ Restoration, LLC (JBJ) entered into a Subcontract with TMV, LLC d/b/a Triune (Triune), a subcontractor to Enfield Enterprises, Inc. (Enfield), the prime

---

[1]The Court draws its factual history from the parties' pleadings. Any contested fact is noted as such.

- 1 -

contractor, to provide labor and materials to install temporary roofing for FEMA-related work in Florida.[2] Doc. 5, Am. Compl., ¶ 7; *see* Doc. 9-1, Def.'s Mot. to Dismiss, Ex. A, Subcontract Agreement. Pursuant to the Miller Act, Enfield, as principal, and Frankenmuth, as surety, executed a payment bond dated September 15, 2017, binding themselves to the United States, for the initial penal sum of $5,000,000. Doc. 5, Am. Compl., ¶ 9; *see* Doc. 1-1, Compl., Ex. A, Payment Bond, 4–6.

Plaintiffs allege that from September 18 through October 21, 2017, Plaintiffs' crews worked in accordance with the Subcontract entered into with Triune and performed labor for a total cost of $177,815.20. Doc. 5, Am. Compl., ¶ 15. Plaintiffs allege that the sum of $159,815.20 is due, owing, and unpaid under the Subcontract. *Id.* ¶ 17. Plaintiffs provided notice and claim for payment under 40 U.S.C. § 3133(b)(2) to Frankenmuth, but Frankenmuth has failed to pay the amount due pursuant to the payment bond. *Id.* ¶ 18.

Thus, on October 18, 2018, Alliance brought suit under the Miller Act, 40 U.S.C. § 3133, against Frankenmuth seeking payment for the unpaid work provided according to the terms of the Subcontract with Triune as well as for attorneys' fees. *See generally* Doc. 1, Compl. Two months later, on December 18, 2018, and prior to serving the Original Complaint on Frankenmuth, Alliance filed an Amended Complaint, adding JBJ as a plaintiff and adding a claim for relief under quantum meruit. *See generally* Doc. 5, Am. Compl. The Amended Complaint was then served on Frankenmuth on December 20, 2018. *See* Doc. 6, Proof of Service.

On January 25, 2019, Frankenmuth filed this Rule 12(b)(6) Motion to Dismiss seeking a complete dismissal of Plaintiffs' Amended Complaint arguing in part that their claims are barred by

---

[2] As further discussed below, Frankenmuth contests whether JBJ was a party to the subcontract. Doc. 9, Def.'s Mot. to Dismiss, 7–8.

the applicable statute of limitations and because Alliance failed to diligently prosecute its claims. Doc. 9, Def.'s Mot. to Dismiss, 1–2. Plaintiffs filed their Response (Doc. 10) and Frankenmuth its Reply (Doc. 12). Having been fully briefed, the Court addresses the sufficiency of Plaintiffs' claims.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The court's review [under 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim *and* referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (emphasis added) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (cleaned up).

## III.

## ANALYSIS

In its Motion to Dismiss, Frankenmuth presents four contested arguments for why Plaintiffs' claims should be dismissed: (1) Alliance's claims are barred by the Miller Act's one-year statute of limitations because it failed to diligently pursue service of process; (2) JBJ's claims are also barred by statute of limitations because it did not bring suit until December 18, 2018, when it joined the Amended Complaint; (3) JBJ's claims, in addition to being untimely, fail because it was not a party to the Subcontract and therefore cannot maintain a Miller Act Claim; and (4) Plaintiffs cannot recover on a quantum meruit claim because the Miller Act is the exclusive remedy available.[3] Doc. 9, Def.'s Mot. to Dismiss, 4–8. The Court now addresses each argument in turn.

A. *Alliance's Claims Are Not Barred by the One-Year Statute of Limitations Because Frankenmuth Was Served Within the Time Provided by the Federal Rules of Civil Procedure and the Two-Month Delay Is Sufficiently Explained.*

Although Frankenmuth concedes that Alliance's Original Complaint was filed within the Miller Act's one-year statute of limitations, Frankenmuth argues that Alliance's claims should still be time-barred because Alliance failed to diligently pursue service of process. *Id.* at 5–7.

The Miller Act requires that "[a]n action brought under [the Act] must be brought no later

---

[3] Frankenmuth also argues that Plaintiffs cannot recover attorneys' fees under the Miller Act. Doc. 9, Def.'s Mot. to Dismiss, 9. Plaintiffs concede this point and agree to remove their claim for attorneys' fees. Doc. 10, Pls.' Resp., 14. Therefore, the Court **GRANTS** Frankenmuth's Motion to Dismiss as to Plaintiffs' claim for attorneys' fees and **DISMISSES with prejudice** this claim.

than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). Here, Plaintiffs allege that labor was performed pursuant to the Subcontract through October, 21, 2017. Doc. 5, Am. Compl., ¶ 15. Therefore, the deadline for Plaintiffs to bring their claim was October 21, 2018. Alliance filed its Original Complaint on October 18, 2018, and thus, within the statute of limitations.

Despite the Complaint being timely filed, Frankenmuth argues that because Alliance did not serve the complaint until more than two months after Alliance filed its Original Complaint—and after the limitations period had lapsed—Alliance has shown a lack of diligence in prosecuting its case and its claims should be barred by the statute of limitations. Doc. 9, Def.'s Mot. to Dismiss, 6. Plaintiffs argue that Alliance's claims should not be barred because it completed service within the ninety days provided by Rule 4(m) of the Federal Rules of Civil Procedure. Doc. 10, Pls.' Resp., 8–9. Also, Plaintiffs provide various reasons for why it took two months to serve Frankenmuth, including: (1) to give the parties the chance to enter into settlement talks prior to formally serving Frankenmuth; (2) Plaintiffs' counsel wanted to wait to serve until after filing the Amended Complaint on December 18, 2018; and (3) that Frankenmuth is an out-of-state defendant, and thus, it took Plaintiffs' counsel extra time to locate an out-of-state process server. *Id.* at 9–10.

Ultimately, the Court does not find the fact that Frankenmuth was served more than two months after Alliance filed its Original Complaint sufficient to dismiss Alliance's claims. The cases cited by Frankenmuth in support of dismissal on this ground are easily distinguishable from the case at hand. For example, in *Veazy v. Young's Yacht Sale and Service Inc.*, the Fifth Circuit, addressing a motion to dismiss for failure to prosecute under Rule 41(b), held that dismissal was proper when the plaintiff waited nearly twenty-one months to accomplish service. 644 F.2d 475, 476–78 (5th Cir.

Unit A May 1981). At the time of that case, the Federal Rules "d[id] not prescribe a time period during which service must be accomplished," and the Court did not find plaintiff's explanation for the delay sufficient. *Id.* at 477–78. Now, however, the Federal Rules provide ninety days for accomplishing service and Alliance accomplished service within that time. *See* Fed. R. Civ. P. 4(m). Also, Frankenmuth was served roughly two months after the Original Complaint, which alone is distinguishable from the twenty-one month delay in *Veazy*.

Frankenmuth also cites to *Harper v. Kroger Texas, L.P.*, as a case purportedly supporting the proposition that when a plaintiff files a complaint near the end of the limitations period, dismissal by limitations for failure to state a claim is proper when there is a two-month unexplained delay in service of process. Doc. 9, Def.'s Mot. to Dismiss, 6 (citing 2017 WL 9473084, at *2 (N.D. Tex. Apr. 11, 2017), *report adopted*, 2017 WL 2991472 (N.D. Tex. Jul. 14, 2017)). However, that case dealt with state-law claims that explicitly required that in addition to a plaintiff filing suit within the limitations period, the plaintiff had to use diligence in serving the defendant. *Harper*, 2017 WL 9473084, at *2 (discussing Tex. Civ. Prac. & Rem. Code § 16.003(a)). And the plaintiff in *Harper* did not respond to the defendant's motion to dismiss or proffer any explanation that despite the two-month delay in service, she was nevertheless diligent. *Id.* Here, Plaintiffs bring federal Miller Act claims, they accomplished service within the time limit provided by the Federal Rules, and Plaintiffs have sufficiently explained why Frankenmuth was served two months after originally filing suit. Therefore, the Court **DENIES** Frankenmuth's Motion to Dismiss on this ground.

B. *Although JBJ's Joinder Was Timely Because the Original Complaint Was Filed Within the Limitations Period, JBJ's Joinder Is Nonetheless Improper Because Not All Members of the Joint Venture Have Joined Suit.*

The Court next addresses together Frankenmuth's two arguments for why JBJ's claims should

be dismissed since they are interrelated. Frankenmuth first argues that JBJ's claims are also barred by the statute of limitations because JBJ did not bring this lawsuit until December 18, 2018, when it joined the Amended Complaint. Doc. 9, Def.'s Mot. to Dismiss, 4–5. Plaintiffs respond and argue that once the suit was timely filed, the statute of limitations was tolled. Doc. 10, Pls.' Resp., 3–4. And they argue that JBJ was properly joined both under Rule 20 because its claims arise out of the same transaction and occurrence and under Rule 17 because JBJ is one of the real parties in interest. *Id.* However, Frankenmuth's second argument supporting JBJ's dismissal is that JBJ's was not a party to the Subcontract and therefore cannot maintain a Miller Act claim.

The Court quickly sets aside the first argument because so long as JBJ was properly joined, JBJ's claims would not be barred by the one-year statute of limitations since the limitations period was tolled when the Original Complaint was timely filed. *See Fisk Elec. Co. v. DQSI, L.L.C.*, 2015 WL 6696751, at *6 (E.D. La. Nov. 3, 2015) ("The filing of a lawsuit in a federal jurisdiction is one way to toll the statute of limitations for a claim pursuant to the Miller Act." (citing *U.S. For Use & Benefit of Harvey Gulf Int'l Marine, Inc. v. Md. Cas. Co.*, 573 F.2d 245, 247 (5th Cir. 1978))). The questions thus becomes who is the real party in interest in this case and, based on that answer, was JBJ properly joined.

The Miller Act, 40 U.S.C. § 3131 *et seq.*, requires a contractor on a government project to post a performance bond, for the protection of the Government, and a payment bond "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract[.]" 40 U.S.C. § 3131(a) & (b). Thus, "[a]ny person who has supplied labor or material on the project may bring a civil action on the payment bond against the general contractor." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1175 (9th Cir. 2013); *see also* 40

U.S.C. § 3133(b)(1). However, when a person lacks a "contractual relationship express or implied with the [prime] contractor," that person must show a "direct contractual relationship with a subcontractor" in order to recover on the bond. *J.W. Bateson Co., Inc. v. U.S. ex rel. Bd. of Trustees of Nat'l Automatic Sprinkler Indus. Pension Fund*, 434 U.S. 586, 591–92 (1978) (citing 40 U.S.C. § 3133(b)(2), formerly cited as 40 U.S.C. § 270b(a)).

Here, the Subcontract that Plaintiffs allege was breached was executed between the contractor, Triune, and the subcontractor, Alliance. *See* Doc. 9-1, Def.'s Mot. to Dismiss, Ex. A, Subcontract Agreement, 1. As Frankenmuth properly points out, the Subcontract does not refer to JBJ. Thus, Frankenmuth argues that "[b]ecause Alliance is the only party with a direct contractual relationship with Triune, JBJ cannot possibly recover under the Miller Act because it lacks any required contractual relationship with . . . Triune." Doc. 9, Def.'s Mot. to Dismiss, 8. Plaintiffs counter that Alliance is in fact an unincorporated association of two companies, in other words a joint venture, between Purple Building Technologies, Inc. (PBT) and JBJ. Doc. 10, Pls.' Resp., 4. Plaintiffs thus argue that JBJ, as a member of the joint venture, "is one of the two real parties in interest, and the claims of JBJ are one and the same with that of the Alliance[,]" and therefore, JBJ can be joined under Rules 17 and 20. *Id.*

Rule 17 requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). And the rule also allows for a real party in interest to "ratify, join, or be substituted into the action." *Id.* 17(a)(3). "The purpose of this portion of Rule 17(a) is to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made." *U.S. For Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989). For parties, such as Alliance and JBJ, that are not individuals or

corporations, their ability to sue is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3).

Generally, under Texas law, a joint venture is governed by the rules applicable to partnerships. *Smith v. Deneve*, 285 S.W.3d 904, 913 (Tex. App.—Dallas 2009, no pet.). Under Texas partnership law, a partnership is "an entity distinct from its partners." *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 429 (Tex. 2015). "As an independent entity, a partnership may enter into contracts in its own name, may own its own property, and may sue and be sued in its own name." *Id.* The general rule is that "a partnership cause of action belongs to and is the specific property of the partnership" and a partner may not "bring suit either on such a cause of action as a whole, whether in the name of the partnership or in [its] own name, or for the fractional share of such a cause of action corresponding to [its] fractional interest in the partnership." *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1176 (5th Cir. 1985). However, an exception to this general rule allows partners to bring a suit individually based on a contract made on behalf of the partnership if all partners are made parties to the suit. *See id.*; *see also Chien v. Chen*, 759 S.W.2d 484, 490–91 (Tex. App.—Austin 1988, no pet.).

It is uncontested that PBT and JBJ are structured as an unincorporated association of two companies and refer to their agreement as a joint venture called PBT-JBJ Alliance. Doc. 11, Aff. of Julius S. Staev, ¶¶ 14–16. It is also uncontested that the Subcontract does not list PBT or JBJ as a party to the contract. Regardless, under Texas partnership law, in addition to Alliance, PBT and JBJ, have the capacity to bring suit on behalf of the partnership if they are both joined. However, because

Alliance has two members—only of which is currently joined to this suit—JBJ's joinder is improper.[4] *See Data Discovery, Inc. v. HiEnergy Techs., Inc.*, 2005 WL 1544791, at *2–3 (N.D. Tex. Jul 1, 2005) (finding that an individual partner could not bring a breach of contract suit in its own name on behalf of the partnership without all partners joining suit). The Court therefore **GRANTS** Frankenmuth's Motion to Dismiss JBJ's claims, but, as discussed in more detail below, will grant Plaintiffs leave to amend their complaint to add PBT.

C.  *Plaintiffs' Quantum Meruit Claim Fails to the Extent it is a Separate State-Law Cause of Action, but Does not Fail as an Alternative Theory of Computing Damages.*

And lastly, the Court addresses whether Plaintiffs can recover on a quantum meruit claim in addition to their Miller Act claim. Frankenmuth correctly argues that the Miller Act is the exclusive remedy available for a subcontractor to recover against a surety on a Miller Act bond. Doc. 9, Def.'s Mot. to Dismiss, 8 (citing *U.S. ex. rel Cal's A/C & Elec. v. Famous Const. Corp.*, 220 F.3d 326, 329 (5th Cir. 2000) ("recovery on the bond must be under the Miller Act"); *id.* n.8 ("While the Miller Act is not the exclusive remedy available to suppliers in some cases, it is the exclusive remedy available to a supplier against a surety . . . on a Miller Act payment bond") (quoting *Bernard Lumber Co. v. Gervais Corp.*, 560 So. 2d 465, 467 (La. App. Ct. 1990)). Plaintiffs counter that a claim in quantum meruit is allowed under the Miller Act as an alternative theory of recovery in order to determine what the proper measure of damages should be. Doc. 10, Pls.' Resp., 12–13 (citing *U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1539 (10th Cir. 1987) ("Recovery in quantum meruit [from a breaching contractor under the Miller Act] is

---

[4] In fact, in their Response, Plaintiffs concede that under Texas partnership law, the other partner, PBT, should likely be joined to this suit as well. Doc. 10, Pls.' Resp., 11.

measured by the reasonable value of the subcontractor's performance.")). Plaintiffs do not attempt to argue that a separate state-law claim for quantum meruit is allowed under the Miller Act.

Although both parties are correct, the Court clarifies that to the extent Plaintiffs' quantum meruit argument is a separate and distinct state-law claim brought against Frankenmuth, it is **DISMISSED with prejudice**. However, the Court will consider Plaintiffs' quantum meruit claim as an alternative theory of computing what the amount of recovery, if anything, should be in this case.

IV.

CONCLUSION

For the above-stated reasons, the Court **GRANTS in part** and **DENIES in part** Frankenmuth's Motion to Dismiss (Doc. 9). Specifically, the Court **DISMISSES with prejudice** Plaintiffs's claim for attorneys' fees and Plaintiffs' claim for quantum meruit to the extent it is a separate state-law claim because those claims are not actionable under the Miller Act. However, the Court **DISMISSES without prejudice** JBJ's claims because JBJ does not have the right to pursue its claims in its own name without its partner, PBT, also joining suit. The Court will thus grant Plaintiffs **twenty-one days** from the date of this Order to amend their complaint and join PBT as a party to this suit or to only sue in the name of the partnership, Alliance.

SO ORDERED.
SIGNED: May 3, 2019.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE